**Kelly ERVIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55683.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1990.

Application to Transfer Denied
July 31, 1990.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Movant, Kelly Ervin, was convicted in the Circuit Court of St. Louis County of robbery in the first degree and was sentenced to twenty-five years imprisonment. Movant was charged with robbing Earl and Melba Vickey at 3:40 p.m. on July 8, 1980, at 1134 Edler, St. Louis County, Missouri.

Prior to trial, movant disclosed to the state that he intended to use an alibi defense against the charges against him. His conviction was affirmed on appeal in *State v. Ervin*, 672 S.W.2d 692 (Mo.App.1984)

On March 17, 1988, movant filed a pro se motion to set aside judgment and sentence under Supreme Court Rule 29.15. An unverified amended motion was subsequently filed on June 6, 1988.

An evidentiary hearing was held on July 15, 1988, where the movant's testimony was presented. A second evidentiary hearing was conducted on September 12, 1988, at which trial counsel's testimony was presented. On September 19, 1988, the motion court denied movant's Rule 29.15 motion. This appeal follows. We affirm.

At trial, movant took the stand and testified that on July 8, 1980, he and his girl friend, Sharon Roe, arrived at Sharon's mother's residence in Hazelwood at approximately 2:00 p.m. Movant testified that upon arriving at the residence he heard fire engines close by. Movant claims that he remained at the residence until 3:45 p.m. Sharon Roe testified to the same matters as movant. Movant also called Gary Mattalina to testify that he saw movant at the Roe residence, which was across the street from his home, at approximately 2:55 p.m.

Upon completion of the movant's defense the state produced Robert Freshwater, a fireman with the Florissant Valley Fire Protection District, who stated that his department was dispatched to a fire at 2:59 p.m. where an explosion had occurred at a home.

■ Movant alleges that trial counsel was ineffective for failing to object when the state presented Freshwater as a rebuttal witness. Freshwater testified to the fact that the fire which his department responded to was at 2:59 p.m. rather than at 2:00 p.m. as the alibi witness had contended.

The motion court found that trial counsel had no reason to object because he fully believed that Freshwater's testimony would only corroborate the time given to

him by Sharon Roe and the others. Trial counsel testified at the evidentiary hearing that during a conference with movant and Sharon Roe, Roe assured him that she had checked the fire records and that the records would confirm the time of the fire.

In order to establish a claim for ineffective assistance of counsel, the appellant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Also the accused must show a reasonable probability that but for counsel's unreasonable conduct, the result at trial would have been different. *Strickland* at 694, 104 S.Ct. at 2068.

Movant has failed to meet this standard. The state presented the two victims who had made positive identification of movant from both a photo array and a line-up. Movant has not been prejudiced by counsel's failure to object. There is not a reasonable probability that but for trial counsel's failure to object, the result at trial would have been different, therefore, the motion court was not clearly erroneous in denying movant's motion.

■ Movant's second point is that the motion court erred in denying movant's Rule 29.15 motion alleging ineffective assistance of counsel because trial counsel failed to investigate, before trial, Lt. Robinson of the Kinloch Fire Department, and Karen Rabe, the owner of a home that exploded in Florissant.

The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have discovered that information, and that the information would have aided or improved defendant's position. *Laws v. State*, 708 S.W.2d 182 (Mo.App. 1986).

Movant's alibi was that he and Sharon Roe were at a residence located in Hazelwood. Movant and Sharon Roe testified that upon arrival at the residence they heard sirens. The next day they learned that the sirens were responding to an explosion of a home in Florissant.

Movant first alleges that counsel should have investigated Lt. Robinson of the Kinloch Fire Department. Movant did not present the testimony of Lt. Robinson at the evidentiary hearing nor does he present any evidence which would have established that counsel should have discovered Lt. Robinson prior to trial. Movant fails to establish that the testimony of Lt. Robinson would have aided or improved his position.

Movant's second claim under this point is that counsel was ineffective for failing to investigate Karen Rabe, the owner of the home which exploded.

Trial counsel testified at the evidentiary hearing that after considering calling Rabe, he made a determination that Rabe's testimony would not provide movant with a viable defense. Movant has failed to allege how Rabe's testimony would have supported his defense.

Since movant has failed to prove that counsel failed in his duty to make a reasonable investigation of Karen Rabe, or Lt. Robinson, the motion court was not clearly erroneous in denying movant's motion on the issue.

■ Movant alleges in his third point that trial counsel was ineffective for failing to ask movant on direct examination whether he could wear a size 7 or 8 ring.

In order to establish a claim for ineffective assistance of counsel appellant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052.

At trial the victims testified that prior to the robbery, the man who came to their house put the rings on the little finger of his hand several times. They testified that one ring was size six and one ring was size seven or eight. The testimony of the victims revealed that the robber could not fit the size six ring but could put the larger ring on.

During movant's direct examination trial counsel did not question appellant about his

inability to put a size seven or eight ring on his little finger. At the evidentiary hearing counsel testified that he contacted a jeweler who stated that a size seven or eight could fit movant's small finger if forced. Movant made no attempt at his evidentiary hearing to disprove jeweler's statement.

Movant has failed to show that trial counsel's performance was inadequate. The motion court was not clearly erroneous.

■ Movant alleges in his final point that counsel was ineffective for failing to endorse and present at trial Kathy Poteat, a jeweler, to testify that movant could not wear a size 7 or 8 ring. Trial counsel testified at the evidentiary hearing that Poteat's testimony would have been that the rings could fit movant's small finger if pushed on. He further stated that he felt Poteat's testimony could have been potentially damaging to the movant's defense. Therefore, he chose not to present the testimony of Poteat at trial.

The Missouri Supreme Court held in *Driscoll v. State*, 767 S.W.2d 5 (Mo. banc 1989), that a conscious decision of trial strategy which trial counsel reaches under the circumstances of the case is not a basis for attack on the competency of counsel. *Driscoll* at 9.

Since counsel's decision not to call Kathy Poteat was trial strategy, movant's fourth point is denied.

The decision of the motion court is affirmed.

CRANDALL and KAROHL, JJ., concur.